UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SABAL TRAIL TRANSMISSION, LLC,

Plaintiff,

v. CASE NO. 3:16-cv-300-MMH-JBT

+/- 0.7 ACRES OF LAND IN
SUWANEE COUNTY FLORIDA,
MANUEL DEGUZMAN, et al.,

Defendants.
_________________________________/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the undersigned on Defendants' Amended Motion for Attorney's Fees & Costs Re: Entitlement ("Motion") (Doc. 151) and Plaintiff's Response thereto (Doc. 157). For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED in part and DENIED in part** as follows**:** (1) the Motion be **GRANTED** to the extent that Defendants be entitled to section 73.092(1), Florida Statutes, "benefits achieved" fees, section 73.092(2) "supplemental proceedings" fees, and section 73.091 district court costs; and (2) the Motion be **DENIED** regarding Defendants' entitlement to section 73.032 offer of judgment fees and "excessive litigation" fees.[1]

[1] A similar Report and Recommendation ("R&R") is currently pending in *Sabal Trail Transmission, LLC v. 1.401 Acres of Land*, No. 3:16-cv-278-BJD-JBT, Doc. 166 (M.D. Fla. Mar. 27, 2024). In that R&R, the undersigned recommended that defendant's motion be denied regarding entitlement to section 73.032 offer of judgment fees and "excessive litigation" fees. The defendant objected to the undersigned's recommendation regarding

## I. Uncontested Issues

The Eleventh Circuit has held "that state law provides the measure of compensation in proceedings that arise under Section 717f(h) of the Natural Gas Act." *Sabal Trail Transmission, LLC v. 18.27 Acres of Land*, 59 F.4th 1158, 1175 (11th Cir. 2023). Thus, Florida's "full compensation" measure applies. Fla. Const., Art. X, § 6(a).

Section 73.092, Florida Statutes, provides in relevant part:

> (1) Except as otherwise provided in this section and s. 73.015, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.
>
> (a) As used in this section, the term "benefits" means the difference, exclusive of interest, between the final judgment or settlement and the last written offer made by the condemning authority before the defendant hires an attorney. If no written offer is made by the condemning authority before the defendant hires an attorney, benefits must be measured from the first written offer after the attorney is hired.

Section 73.092(2) allows for an award of attorney's fees "incurred in defeating an order of taking, or for apportionment, or other supplemental proceedings when not otherwise provided for . . . ." Plaintiff does not contest that Defendants are entitled to section 73.092(1) "benefits achieved" fees and section

---

entitlement to "excessive litigation" fees, but did not object regarding section 73.032 offer of judgment fees. *See 1.401 Acres of Land*, No. 3:16-cv-278-BJD-JBT, Doc. 168. Additionally, subsequent to that R&R being entered, District Judge Mark Walker issued an order in another Sabal Trail case in the Northern District of Florida that denied defendant's motion regarding entitlement to section 73.032 offer of judgment fees and "excessive litigation" fees. (*See* Doc. 158-1).

73.092(2) "supplemental proceedings" fees. (Doc. 157 at 10.) However, Plaintiff has reserved the right to contest, upon the receipt of Defendants' motion regarding amount, the extent of fees to be awarded for "supplemental proceedings." (*Id*. at 11.) Therefore, the undersigned respectfully recommends that Defendants' Motion be granted regarding entitlement to section 73.092(1) "benefits achieved" fees and section 73.092(2) "supplemental proceedings" fees.

Section 73.091 provides that the petitioner pay "all reasonable costs incurred in the defense of the proceedings in the circuit court . . . ." Plaintiff does not contest that Defendants are entitled to reasonable district court costs. (Doc. 157 at 19.) However, Plaintiff has reserved the right to argue that certain costs sought are "non-taxable, unreasonable, or otherwise should be reduced for cost-specific reasons." (*Id*.) Thus, the undersigned respectfully recommends that Defendants' Motion be granted regarding entitlement to reasonable district court costs under section 73.091.

**II. Contested Issues**

Defendants argue that they are entitled to fees under section 73.032, Florida Statutes, based on their offer of judgment, or "excessive litigation" fees under *Joseph B. Doerr Trust v. Central Florida Expressway Authority*, 177 So. 3d 1209, 1217 (Fla. 2015). (Doc. 151 at 13–21.) Plaintiff argues that Defendants' offer of judgment was deficient under section 73.032 and that Plaintiff did not engage in excessive litigation tactics. (Doc. 157 at 10–19.) The undersigned agrees with Plaintiff, and respectfully recommends that Defendants' Motion be denied

regarding entitlement to section 73.032 offer of judgment fees and "excessive litigation" fees.

**A. Offer of Judgment**

"A defendant may make an offer to have judgment entered against defendant for payment of compensation by petitioner only for an amount that is under $100,000 . . . ." Fla. Stat. § 73.032(3). The offer of judgment must "[s]ettle all pending claims with that party or parties exclusive of attorney's fees and costs." Fla. Stat. § 73.032(4)(a)(2). Defendants' October 31, 2018 offer of judgment stated in pertinent part:

> To resolve the case in its entirety, Plaintiff agrees to pay Defendants the total amount of $69,800 as full compensation, inclusive of any claims for attorney's fees and costs, pursuant to §73.091 and §73.092, Florida Statutes. This total amount is also exclusive of any amount of interest due and owing on the compensation awarded . . . .

(Doc. 152-18 at 2.)

Plainly, and as Plaintiff contends, Defendants' offer does not satisfy section 73.032(4)(a)(2) because it does not "[s]ettle all pending claims . . . exclusive of attorney's fees and costs." Instead, Defendants' offer included attorney's fees and costs, and excluded interest due and owing on the compensation awarded. (*Id.*) "When a governmental authority submits an offer of judgment in a sum certain, that amount is taken to mean that it includes all elements of damage attributable to the condemnor's taking, 'including damages resulting from deprivation of the use of the money.'" *Lee Cty. v. Sager*, 595 So. 2d 177, 178 (Fla. 2d DCA 1992)

(citing *Encompass Inc. v. Alford*, 444 So. 2d 1085, 1088 (Fla. 1st DCA), *rev. denied*, 453 So. 2d 43 (Fla. 1984)). "We can discern no reason to reward the department for submitting an insufficient offer under the statute, and then de facto correcting it through a reduction in the scope of the taking." *Hartleb v. State, Dep't of Transp.*, 677 So. 2d 336, 337 (Fla. 4th DCA 1996).

Defendants argue that their offer of judgment should not be voided because Plaintiff "put at issue whether state or federal law was controlling over the measure of compensation" and because section 73.032(4)(a)(2) should be "interpreted in the context to applicable Florida law wherein the condemnor's payment of the owner's attorney's fees and costs is part of the measure of compensation." (Doc. 151 at 20–21.) This argument is unconvincing. Defendants do not make any persuasive argument showing that a benefits achieved fee, plus supplemental proceedings fees, do not comport with Florida's "full compensation" scheme. *See* Fla. Stat. § 73.092(1) ("Except as otherwise provided in this section and s. 73.015, the court, in eminent domain proceedings, shall award attorney's fees based solely on the benefits achieved for the client.").

Defendants also provide no explanation for the exclusion of interest from their offer, contrary to section 73.032(4)(a)(2), or how Plaintiff's decision to contest the law controlling compensation excused Defendants from complying with the requirements of section 73.032(4)(a). Moreover, as discussed further below, Plaintiff's actions throughout the course of this litigation were not unreasonable or "excessive," and did not excuse Defendants' compliance with section 73.032(4)(a).

Thus, the undersigned respectfully recommends that the Motion be denied regarding entitlement to section 73.032 offer of judgment fees.

**B. Excessive Litigation**

The undersigned recommends that Defendants' "excessive litigation" fee request should also fail. In *Doerr*, the Florida Supreme Court held:

> [W]hen a condemning authority engages in tactics that cause excessive litigation, the trial court shall utilize section 73.092(2) to calculate a reasonable attorney's fee, but only for those hours incurred in defending against the excessive litigation or that portion that is considered to be in response to or caused by the excessive tactics. The remainder of the fee shall be calculated pursuant to the benefits achieved formula delineated in section 73.092(1). The two amounts added together shall be the total fee. This bifurcated calculation strikes a fair balance by ensuring that private property owners receive the full compensation to which they are entitled under the Florida Constitution, without disregarding the legislative directive that attorney's fees for the valuation portion of an eminent domain proceeding are to be calculated using the benefits achieved formula.

177 So. 3d at 1217 (emphasis omitted).

In *Doerr*, the court identified two excessive litigation tactics: "(1) the use of an expert witness whose report was unnecessary and whose testimony was excluded; and (2) the prolonged depositions of the landowner's experts." *Sabal Trail Transmission, LLC v. 3.921 Acres*, No. 5:16-cv-178-Oc-30PRL, 2018 WL 3636687, at *3 (M.D. Fla. July 16, 2018) (citing *Doerr*, 177 So. 3d at 1218). Therefore, "the relevant question in this case is whether Sabal Trail engaged in

excessive litigation that required Defendant to respond with its own wasteful expenditures."[2] *Id.*

Defendants contend that Plaintiff's "pattern of conduct" caused excessive litigation, requiring Defendants to continue to litigate the case. (Doc. 151 at 15.) Specifically, Defendants argue that Plaintiff "not only placed the property owner at considerable disadvantage by applying §73.092(1) to cap awarded fees, but further threatened to not pay attorney's fees and costs at all in order to preserve its appeal on the issue of the controlling law." (*Id.*) Defendants also argue that they were required to continue litigating the case to challenge Plaintiff's expert's evaluation of zero damages resulting from the presence of the pipeline itself, proximity to the pipeline, market fear, perception, or stigma. (Doc. 151 at 15; Doc. 152 at 40.) Moreover, Defendants state that Plaintiff "threw down the gauntlet of *Daubert* motions and motions *in limine* across the board in all of its Sabal Trail cases" and that Defendants had no choice but to contest them. (Doc. 151 at 17.)

The undersigned is unconvinced that any of the above actions resemble the condemning authority's actions in *Doerr* or "unreasonably [drove] up the landowner's cost of litigating the case." *3.921 Acres*, 2018 WL 3636687, at *2 (citations omitted). First, Plaintiff raised a non-frivolous argument that federal law,

[2] Additionally, the undersigned has not found, nor have the parties cited, any case besides *Doerr* where a court awarded additional fees due to excessive litigation. (*See* Docs. 151 & 157.) In *Doerr*, all of the attorney's fee experts, including the expert for the condemning authority, testified that in the circumstances of that case, it would have been unreasonable to limit the landowners to only the "benefits achieved" fee. 177 So. 3d at 1213.

rather than state law, applied in this case. Plaintiff was willing to appeal that issue despite the risk of having to pay appellate attorney's fees. As shown by the Eleventh Circuit decision in *Sabal Trail Transmission, LLC v. 18.27 Acres of Land*, 59 F.4th 1158 (11th Cir. 2023), the issue was not free from reasonable doubt.

Second, Plaintiff took reasonable negotiation positions, including its severance damages position, based on the opinions of its expert, Chad Durrance. Mr. Durrance's opinions wholly survived Defendants' *Daubert* challenge (Doc. 89). (*See* Doc. 111.) Thus, Plaintiff's expert's opinions do not parallel the stricken expert opinions in *Doerr* and do not support a finding of excessive litigation. Among other settlement efforts, on September 27, 2018, Plaintiff attempted to settle ten cases, including the case at bar, for all compensation sought ($278,000) and $182,000 in attorney's fees and costs. (Doc. 157 at 18; Doc. 157-2.) Third, the undersigned does not agree that Plaintiff's *Daubert* motions (Docs. 79, 81, & 116) and motion *in limine* (Doc. 117) were excessive. These motions related to important issues in the case and were either granted in part or ruling was deferred. (*See* Doc. 111.) Furthermore, the undersigned does not consider four total motions as a large response burden for Defendants, especially since Defendants filed their own *Daubert* motion (Doc. 89).

In short, Defendants fail to show any specific act where Plaintiff unreasonably or excessively drove up Defendants' litigation costs. (*See* Doc. 152.) Although Plaintiff litigated the case fully, as did Defendants, that does not equate to excessive litigation. Thus, the undersigned can find no pattern of excessive

litigation. Therefore, the undersigned recommends that the Motion be denied regarding entitlement to "excessive litigation" fees.[3]

### III. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Motion be **GRANTED in part and DENIED in part** as follows:

1. The Motion (**Doc. 151**) be **GRANTED** to the extent that Defendants be entitled to section 73.092(1), Florida Statutes, "benefits achieved" fees, section 73.092(2) "supplemental proceedings" fees, and section 73.091 district court costs.

2. The Motion be **DENIED** regarding entitlement to section 73.032 offer of judgment fees and "excessive litigation" fees.

3. Pursuant to the Court's December 4, 2023 Order (Doc. 148), the Court direct Defendants to file their supplemental motion on amount of attorney's fees and expenses **within fourteen (14) days** from the entry of the order on entitlement.

4. The Court direct the parties to engage in mediation **within thirty (30) days** from the date Defendants' motion regarding the amount of attorney's fees and expenses if filed.

---

[3] In the objection filed to the undersigned's R&R in *1.401 Acres of Land*, defendant argued that the undersigned "incorrectly equates excessive litigation with frivolous litigation." No. 3:16-cv-278-BJD-JBT, Doc. 168 at 4. The undersigned recognizes the distinction between excessive litigation and frivolous litigation, but recommends that Plaintiff engaged in neither in this case.

5. If mediation is unsuccessful, the Court direct Plaintiff to respond to Defendants' motion regarding amount of attorney's fees and expenses **within fourteen (14) days** from the filing of a notice that an impasse has been reached.

**Notice to Parties**

"Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on May 16, 2024.

Joel B. Toomey

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record